1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TURNAUCKAS et al., | CASE NO. 15cv1566-LAB (WVG) |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO DISMISS (DOCKET NOS. 6 AND 9) AND MOTION TO EXPUNGE *LIS PENDENS* (DOCKET NO. 11)** |
| vs. | |
| BANK OF AMERICA et al., | |
| Defendants. | |

This case arises out of the Turnauckases' unpaid home loan.  The Turnauckases brought this lawsuit against Bank of America, ReconTrust, and Caliber after ReconTrust began the process of foreclosing on their home.  All defendants have moved to dismiss. (Docket nos. 6 and 9.)  Caliber has also moved to expunge the Turnauckases' notice of *lis pendens*.  (Docket no. 11.)

## I.    Background

The Turnauckases purchased a house, took out a home loan, and executed a note and deed of trust ("DOT") in favor of the lender, Countrywide.  (Docket no. 1-2 at ¶¶ 21, 23.) ReconTrust was named trustee, and Mortgage Electronic Registration Systems ("MERS") was named beneficiary and nominee of the lender.  (*Id.* at ¶ 24.)  The Turnauckases admit that they owe money on their loan.  (*Id.* at ¶¶ 21, 23, 24.)  But, they contend, the defendants lack any interest in the loan.  (*Id.* at ¶¶ 26, 30.)  The Turnauckases don't allege facts

indicating that any other entity might have interest in the loan.  For example, they don't claim that there's a dispute over who they should pay because multiple lenders seek repayment on the same home loan.  They stop short at claiming "multiple parties *may* seek to enforce the debt obligation against [them]."  (*Id*. at ¶ 31 (emphasis added).)  Instead, they argue, "the lien on [their] house has become unperfected and unenforceable."  (*Id*. at ¶ 30.)  According to the Turnauckases, this happened because (1) the defendants botched the securitization process by violating the Pooling and Servicing Agreement, (*id*. at ¶¶ 13, 25, 27, 29, 30); (2) MERS' involvement split the Note and DOT, so subsequent assignments of the DOT were ineffective, (*id*. at ¶¶ 30, 33–43, 73–82); and (3) the DOT assignment and substitution of trustee were fraudulent, (*id*. at ¶¶ 44–70.)

## II.    Request for Judicial Notice

In ruling on a motion to dismiss, the Court may take judicial notice of matters of public record, provided that they aren't subject to reasonable dispute.  *See, e.g., Sherman v. Stryker Corp.*, 2009 WL 2241664 at *2 (C.D.Cal. 2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).  Bank of America, ReconTrust, and Caliber seek judicial notice of documents recorded in the San Diego County Recorder's Office.  (*See* Docket nos. 7 and 12.)  These documents are proper subjects of judicial notice.  *Moreland v. U.S. Bank, NA*, 2015 WL 1932644, at *3 (E.D. Cal. Apr.15, 2015) (taking judicial notice of court records and public records filed at recorder's office).  And they're not subject to reasonable dispute. The requests to take judicial notice are **GRANTED**.

## III.   Discussion

### A.     Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The Court must accept all factual allegations as true and construe them in the light most favorable to the Turnauckases.  *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  To defeat the motions to dismiss, the Turnauckases' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above

the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id*. at 558 (internal quotation marks omitted).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

While the Court must draw all reasonable inferences in the Turnauckases' favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  A complaint doesn't suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 664. (internal quotation marks omitted).

When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Vess v. Ciba—Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (internal quotation marks omitted).  The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (internal quotation marks omitted).

### B.   The Turnauckases' Fail to Adequately Allege a Cognizable Claim

#### 1.   The Turnauckases Lack Standing to Challenge the Securitization

The Turnauckases' central argument is that, because certain transactions in the securitization process violated the governing trust documents, the securitization failed. (*See*, *e.g.*, Docket no. 1-2 at ¶¶ 13–20, 25–32.)  Thus, they argue, the defendants have no interest in, or ability to assign, the DOT.  (*Id*. at ¶ 30.)  But the Turnauckases "are not investors of the

loan trust" and therefore they "lack standing to challenge the validity of the securitization of the loan." *Sabherwal v. Bank of New York Mellon*, 2013 WL 101407, at *7 (S.D. Cal. Jan. 8, 2013) (internal quotation marks omitted); *In re Davies*, 565 F. App'x 630, 633 (9th Cir. 2014) (collecting cases and explaining that debtors who are not parties to the pooling and servicing agreements cannot challenge them). The Turnauckases' claims that are premised on their botched securitization theory fail to state a claim.

### 2. MERS' Role Doesn't Diminish Defendants' Ability to Foreclose

The Turnauckases' claims also challenge MERS' role in the assignment of the note and DOT, and contend that MERS' role separated the note and DOT, thereby rendering the DOT unenforceable. (Docket no. 1-2 at ¶¶ 37, 75.) But they agreed to MERS' role when they executed the DOT. (Docket no. 7-2 at 2–4.) Thus, MERS was authorized to make the assignment. *See Boyter v. Wells Fargo Bank, NA*, 2012 WL 1144281, at *5 (N.D.Cal. Apr.4, 2012). The Turnauckases "also cannot bring a claim based on the contention that the assignment impermissibly separates the note and the deed of trust, rendering the deed of trust unenforceable." *Shull v. Ocwen Loan Servicing, LLC*, 2014 WL 1404877, at *4 (S.D. Cal. Apr. 10, 2014); *see also Sargent v. JPMorgan Chase Bank, N.A*., 2013 WL 3878167, at *2 (N.D. Cal. July 25, 2013) (rejecting claim where plaintiff did not make clear how note and deed of trust were irreparably split, or why MERS was not acting as agent of the lender). Thus, the Turnauckases' claims that are premised on their challenge to MERS' role or an alleged split of the note and DOT fail to state a claim.

### 3. The Fraud Allegations Aren't Pleaded With Particularity

The Turnauckases allege that the substitution and assignment were fraudulently executed and "created for the purpose of facilitating and aiding and abetting the illegal, deceptive, and unlawful collection of Plaintiffs' mortgage payments, as well as engaging in other debt collection activities." (Docket no. 1-2 at ¶¶ 53, 61.) They allege that the "signor" of the substitution of trustee and assignment "was not an 'Assistant Secretary' for MERS and in fact, the Substitution was fraudulently signed without the actual lenders, knowledge or authorization." (*Id*. at  ¶¶ 38, 39, 48–52.) As a result, they contend, the defendants are

"fraudulently enforcing a debt obligation in which they have no pecuniary equitable or legal interest." (*Id.* at ¶ 72.) The Turnauckases' "allegations of fraudulent assignment lack sufficient facts to support a cognizable legal theory that the assignment was fraudulently executed." *Sabherwal v. Bank of New York Mellon*, 2013 WL 101407, at *8 (S.D. Cal. Jan. 8, 2013). They're conclusory and they lack supporting factual allegations necessary to satisfy the pleading standard for alleging fraud.

Because the Turnauckases' claims are premised on untenable legal theories and conclusory allegations of fraud, they're dismissed.

### III. Notice of *Lis Pendens*

The Turnauckases have filed a notice of *lis pendens*. (Docket no. 8.) Caliber has moved to expunge it. (Docket no. 11.) A party opposing a motion to expunge a *lis pendens* must "make a showing that he is likely to prevail on the merits." *Doan v. Singh*, 2014 WL 3867418, at *3 (E.D. Cal. Aug. 6, 2014) (internal quotation marks omitted). The Turnauckases can't make the required showing, so the *lis pendens* is expunged.

### IV. Conclusion

The motions to dismiss (Docket nos. 6 and 9) are **GRANTED WITHOUT PREJUDICE**. If the Turnauckases think they can successfully amend their complaint, they must seek leave by *ex parte* motion no later than January 11, 2016. Their proposed amended complaint must be attached as an exhibit to the motion. If they file such a motion, defendants shall have until January 25, 2016 to oppose it. No reply should be filed unless leave is obtained in advance. Caliber's motion to expunge the *lis pendens* (Docket no. 11) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: December 18, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge